## Lawyers Club v. Citibank, N.A.

*Charles F. Lieberman, Krawitz & Ridley, P.C.,
Richard P. Brown, Jr.,* and *Morgan, Lewis & Broc-
kius,* for plaintiff.
*Alex L. Bensinger,* for defendant.

70

THOMSON, *J.*, July 5, 1978—An action to quiet title was commenced to the above term and number, wherein plaintiff, Lawyers Club, requested a decree rendering certain conditions in its deed from one William W. Cooke, deceased, to be terminated and null and void.

Thereafter, preliminary objections were filed to the said complaint, which aver the following: (1) that an action to quiet title is not the proper form in which plaintiff should pursue the relief requested; (2) that the condition to be voided remains a valid one which should not be set aside in an action to quiet title; and (3) two objections, which essentially state that the cy pres doctrine should be applied to provide for alternative use and enforcement of the condition sought to be avoided.

The restrictive language in question is set forth in a certain deed from William W. Cooke, deceased, to plaintiff, which reads as follows:

"This deed is on the condition that the aforesaid land and premises be used for recreation, hunting, fishing, and golf purposes only.

"This deed is on the further condition that the members, families and guests of the Physicians Club be allowed to play golf at all times on the golf grounds hereby conveyed and without charge therefor, and shall have the privilege of hunting, fishing, and walking on, and over the premises hereby conveyed and in consideration thereof the members, families and guests of said Lawyers Club shall have the privilege of hunting, fishing, and walking over the lands and streams owned by said Physicians Club."

Thereafter, the Physicians Club and the Lawyers Club released one another from any interest which

each would have in the property of the other. Defendants herein are cotrustees of a residuary trust established pursuant to a will of the deceased. Hence, the present action has been brought to quiet any interest which defendants might have in the said property.

First, the court will deal with the contention that an action to quiet title is not the proper form to determine the validity of the restriction in question. Actions to quiet title are governed by Rule 1061 of the Pennsylvania Rules of Civil Procedure. Section (b)2(2) provides: "The action may be brought . . . (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or *determine the validity* or discharge *of any* document, *obligation or deed affecting any* right, lien, *title or interest in land.*" (Emphasis from plaintiff's brief.)

Applying the rule to the present case, it would seem clear that this action could not be construed as anything but one to determine the validity or discharge of a document obligation or deed affecting a right, lien, title or interest in land. Hence, we feel that defendants' preliminary objection in this regard is not well-founded.

Defendants' other preliminary objection, that an action to quiet title does not lie because the condition is enforceable, a violation of which would entitle defendants to a right of reverter, or alternatively that it, is a binding covenant or limitation on the use of the property, we find to be basically a legal conclusion, and not one properly raised by preliminary objections. Hence, we also feel that this preliminary objection should be dismissed as improperly made.

Lastly, we are left with the contention of defend-

ants that the decree should not be entered because any change in circumstances should be modified by the court to provide for alternative use of the property in question.

By invoking this argument, defendants are relying on the "cy pres" doctrine.

The parties have agreed in their briefs that the cy pres doctrine is applicable only where a disposition of property for a religious or charitable use has been made. In such a case, a use will not fail for failure of objects, and the purpose will be carried out with as close proximity to the original scheme as possible. As defendants have so well informed us, it is "a doctrine of approximation." However, it is an absolute requirement for this doctrine to be applicable that the use in question must be a religious or charitable one: Stephan's Estate, 129 Pa. Superior Ct. 396, 195 Atl. 653 (1937). If no charitable use is present, the doctrine is wholly inapplicable, and cannot be invoked to transform a noncharitable trust into a charitable one: Stephan's Estate, supra.

First of all, we must point out that this is a matter which should have been raised as an affirmative defense by the parties. We agree with plaintiff that this is a matter which should have been raised by way of answer and new matter. Hence, clearly the objection in question is improper and must be dismissed.

It is not now, nor has it ever been the function of this court to dictate to counsel the trial strategies they should utilize in the presentation of their cases to the court. However, our review of the law as supplied to us by the parties leads us to believe that it would be difficult to sustain a finding of charitable purpose in the utilization of the land in question, a property used for private recreational

purposes of a limited group, the Lawyers Club. However, we do not foreclose upon defendants the right to properly raise such an issue in its responsive pleading, and have the court rule on such a question at the appropriate time.

Accordingly, we will now enter the following

## ORDER

And now, July 5, 1978, the preliminary objections of defendants are dismissed. Defendants are given 20 days from date to file a responsive pleading to the complaint of plaintiff.